[Cite as *Conkin v. CHS-Ohio Valley, Inc.*, 2012-Ohio-2816.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELIZABETH CONKIN, as guardian for ZELMA ANDERSON, | : | APPEAL NO. C-110660 |
| | | TRIAL NO.   A-1104723 |
| | : | |
| Plaintiff-Appellant, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| CHS-OHIO   VALLEY,   INC.,   d.b.a. GLENCARE CENTER | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 22, 2012

*Ulmer & Berne, LLP, Frederic X. Shadley* and *Jason P. Conte* for Plaintiff-Appellant,

*Reminger Attorneys at Law, Danny Merril Newman, Jr.*, and *Michael M. Mahon* for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**HENDON**, **Judge.**

**{¶1}** The issue presented for our review is whether the trial court erred in dismissing the complaint of Elizabeth Conkin, guardian for Zelma Anderson, as time-barred by the one-year statute of limitations set forth in R.C. 2305.113(A) for "medical claims."

## FACTS

**{¶1}** Seventy-year old Zelma Anderson was a resident at defendant-appellee CHS-Ohio Valley, Inc., d.b.a. Glencare Center nursing home. Conkin claims that Anderson, who was confined to a wheelchair, required the assistance of at least two people when being transferred from her wheelchair into a device called a "Hoyer lift." Conkin asserts that a Glencare employee, identified as "Jane Doe," acted alone when transferring Anderson into the Hoyer lift so that Anderson could shower. As a result, Conkin alleges that Anderson either fell or was dropped, and was seriously injured. Conkin also alleges that Doe failed to report Anderson's fall and that Anderson therefore did not receive immediate treatment for her injuries.

**{¶2}** Eighteen months after this incident, Conkin, as guardian for Anderson, sued Glencare and Doe alleging negligence, negligent training, violation of resident's rights under R.C. 3721.13, respondeat superior, and breach of contract. She also requested punitive damages. Glencare and Doe moved the trial court to dismiss Conkin's complaint under Civ.R. 12(B)(6), arguing that all of Conkin's claims were "medical claims" as defined in R.C. 2305.113 and therefore were subject to a one-year statute of limitations. The trial court granted Glencare's motion. In one assignment of error, Conkin now claims that the trial court erred in dismissing her claims.

## STANDARD OF REVIEW

**{¶3}** Appellate review of the trial court's decision is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. We must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A complaint may be dismissed under Civ.R. 12(B)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

## "MEDICAL CLAIM"

**{¶4}** In pertinent part, R.C. 2305.113(E)(3) and (E)(3)(b) provide that a "medical claim" is a claim against a home or against any employee of a home, "that arises out of the medical diagnosis, care, or treatment of any person." Further, the claim must result (1) "from acts or omissions in providing medical care" or (2) "from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment." R.C. 2305.113(E)(3)(b)(i) and (ii). Claims that are brought under R.C. 3721.17, as in this case, and "that arise out of the medical diagnosis, care, or treatment of any person" are also "medical claims." R.C. 2305.113(E)(3)(c).

**{¶5}** It is not disputed that Glencare qualifies as a "home" under R.C. 2305.113. It is also not disputed that the issue here is whether Glencare and Doe were providing "medical care" to Anderson (versus "diagnosis" or "treatment") when transferring Anderson into the Hoyer lift.

### *Browning* and *Rome*

{¶6}     There are two leading cases that address this issue—*Browning v. Burt,* 66 Ohio St.3d 544, 613 N.E.2d 993 (1993) and *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994).  In *Browning*, the Ohio Supreme Court held that "care" as used in a prior but analogous version of R.C. 2305.113(E)(3) refers to "the prevention or alleviation of a physical or mental defect or illness." *Browning* at 557. The *Browning* court also held that the term "care," should not be broadly interpreted. *Id.*

{¶7}     In *Rome*, the Ohio Supreme Court addressed the circumstances under which the allegedly negligent use of medical equipment is considered a "medical claim." *Rome* involved two consolidated cases.  In the first, plaintiff Rome, who was scheduled for x-rays at the defendant hospital, was injured when she was incorrectly strapped onto an x-ray table by a hospital intern. In the second case, plaintiff Eager, a hospital patient, was injured when the wheelchair he was riding in collapsed while he was being taken to physician-ordered physical therapy.  The court held that both cases involved "medical claims." In Rome's case, the court determined that the act of securing Rome on a table for an x-ray constituted "medical diagnosis, care, or treatment" because it was "ancillary to and an inherently necessary part of the administration of the x-ray procedure which was ordered to identify and alleviate her medical complaints." *Rome* at 16. As to Eager, the court held that because the wheelchair "transport arose out of Eager's physical therapy treatment," Eager's injury was a result of his "care or treatment." *Id.* at 17.  In both cases, the court noted

4

that use of the medical equipment involved a "certain amount" of "professional expertise" or "professional skill." *Id.* at 16-17.

## Test for Use of Medical Equipment as "Care"

**{¶8}** Thus, to determine whether the use of medical equipment constitutes "care" under R.C. 2305.113(E)(3), we must first determine if the equipment was used for "the prevention or alleviation of a physical or mental defect or illness." ***Browning*** at 557. Central to this analysis is whether the equipment was "an inherently necessary part of a medical procedure" or if use of the equipment "arose out of" a physician ordered treatment. ***Rome*** at 16-17. Second, we must determine if the use of the equipment required a "certain amount" of professional expertise or professional skill. *Id.*

## Anderson's Case

**{¶9}** In this case, the complaint alleges that Anderson sustained serious injury when she was improperly transferred from her wheelchair into a Hoyer lift. We note that the complaint failed to state why Anderson was being transferred. But Conkin and Glencare have both acknowledged in their appellate briefs and at oral argument that Anderson asserts that she was being moved so that she could shower. We therefore consider this fact in our analysis. ***See Haney v. Law***, 1st Dist. No. C-070313, 2008-Ohio-1843.

**{¶10}** Accepting these facts as true and drawing all reasonable inferences in favor of Conkin, we hold that Conkin's claims, as pled, are not "medical claims." Even if the Hoyer lift was used for the alleviation of problems associated with Anderson's range of motion, there is no indication at this point in the proceedings that the use of the Hoyer lift was an inherent part of a medical procedure or that it

5

arose out of physician ordered treatment. And it is also unclear whether a "certain amount" of professional expertise or professional skill may have been required to transfer Anderson into the lift. The claims are therefore not barred by the one-year statute of limitations set forth in R.C. 2305.113(A).

{¶11} Our holding is consistent with cases from other appellate districts. *See Hill v. Wadsworth-Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, 925 N.E.2d 1012 (9th Dist.) (no medical claim where plaintiff was injured while getting out of a wheelchair while being discharged from defendant hospital because she was not injured in the course of a test or treatment, nor was the wheelchair escort ancillary to or an inherently necessary part of any test or treatment.); *Balascoe v. St. Elizabeth Hosp. Med. Ctr.*, 110 Ohio App.3d 83, 673 N.E.2d 651 (7th Dist.1996) (no medical claim where emergency room patient left bed on her own accord to use the restroom and slipped and fell on a piece of plastic because the injury did not arise from her medical care or treatment.); *see, also, Summers v. Midwest Allergy Associates*, 10th Dist. No. 02AP-280, 2002-Ohio-7357; *Tayerle v. Hergenroeder*, 11th Dist. No. 98-G-2195, 1999 Ohio App. LEXIS 5931 (Dec. 10, 1999).

## CONCLUSION

{¶12} We sustain Conkin's sole assignment of error and hold that the claims, as pled, do not constitute "medical claims" as defined in R.C. 3721.113. The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.