[Cite as *McDill v. Sunbridge Care Ents., Inc.*, 2013-Ohio-1618.]
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

ROSE E. MCDILL, et al.,                          :

      Plaintiff-Appellant,                  :   Case No.  12CA8

      vs.                                    :

SUNBRIDGE CARE ENTERPRISES
 INC., et al.,                                  :   DECISION AND JUDGMENT ENTRY


      Defendants-Appellees.                 :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Robert H. Huffer, Huffer & Huffer Co., L.P.A.,   130 West
                                   Franklin Street, P.O. Box 464, Circleville, Ohio   43113, and
                                   James L. Mann, Mann & Preston LLP, 18 East Second Street,
                                   Chillicothe, Ohio 45601

COUNSEL FOR APPELLEES:    Marvin T. Galvin, Thomas A. Prislipsky and Brian D.
                                   Sullivan, Reminger Co., L.P.A., 101 West Prospect Ave.,
                                   Suite 1400, Cleveland, Ohio 44115

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-11-13
ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

dismissed the complaint that Rose McDill, plaintiff below and appellant herein, filed against

Sunbridge Care Enterprises, Inc., Sunbridge Circleville Health Care Corp., and Circleville Care and

Rehabilitation Center, defendants below and appellees herein, for injuries she suffered while a

patient at appellees' facility.

**{¶ 2}**   Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT."

**{¶ 3}**   Appellant's November 10, 2011 complaint asserted that as a patient at appellees'

facility on November 13, 2009, she received rehabilitative care following her surgery for the

installation of a pacemaker.   Appellant was instructed not to leave her bed without assistance.

Around 2:00 a.m., on November 13, 2009, appellant requested assistance so that she could use the

bathroom.   Two aides assisted.   When appellant, with her walker, began to wash her hands,

appellant alleged that the two aides "inattentively and negligently allowed [appellant] to fall

backwards, landing on her buttocks."

**{¶ 4}**   Appellees subsequently filed a Civ.R. 12(B)(6) motion to dismiss the complaint.[1]

They asserted that the one-year statute of limitations applicable to medical claims barred appellant's

complaint.

**{¶ 5}**   Appellant opposed appellees' motion and asserted that her complaint did not assert

a medical claim.   Appellant argued that her injury did not result from a medical diagnosis,

treatment, or care, but, instead, from the negligence of the two aides who assisted her with walking

to the sink after using the bathroom. Appellant alleged that her injury occurred after the two aides

"assisted her to the bathroom but then stood by talking while she stood at the sink and washed her

---

[1]   Appellees initially filed a motion for judgment on the pleadings, but, requested the court to permit them to withdraw the motion for judgment on the pleadings and to accept their Civ.R. 12(B)(6) motion instanter.    Although the trial court did not explicitly rule on the request, it considered the Civ.R. 12(B)(6) motion and rendered a decision.

hands."[2]

**{¶ 6}**   On March 6, 2012, the trial court granted appellees' motion to dismiss the complaint.   The court determined that appellant's complaint alleged a "medical claim" subject to the one-year statute of limitations.   This appeal followed.

**{¶ 7}**   In her sole assignment of error, appellant asserts that the trial court erred by granting appellees' motion to dismiss the complaint.   In particular, she claims that the trial court improperly construed her complaint to assert a "medical claim" subject to the R.C. 2305.113(A) one-year statute of limitations.

**{¶ 8}**   Appellees argue that appellant's claim arises out of "the failure of employees/medical staff at the skilled nursing facility to follow medical instructions," and, thus, constitutes a claim that "arise[s] out of the medical diagnosis, care or treatment of the patient." Appellees contend that because appellant's injury arose out of the medical staff's failure to follow instructions, her injuries arose out of medical care or treatment.

A

STANDARD OF REVIEW

**{¶ 9}**   When considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must presume that all factual allegations contained in a complaint are true and must construe all reasonable inferences in favor of the nonmoving party. E.g., State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290, 819 N.E.2d 654,

---

[2]   Appellant did not include these same facts in her complaint.

2004-Ohio-6410, at ¶5; Perez v. Cleveland, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993).

Dismissal is proper only if it appears beyond doubt that a plaintiff can prove no set of facts that

would entitle him to relief.   E.g., Maitland v. Ford Motor Co., 103 Ohio St.3d 463, 816 N.E.2d

1061, 2004-Ohio-5717, ¶11; York v. Ohio State Highway Patrol, 60 Ohio St.3d 143, 144, 573

N.E.2d 1063 (1991).   When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it may

only consider the allegations of the pleadings, not extraneous evidence.   State ex rel. Fuqua v.

Alexander, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997); State ex rel. The V. Cos. v. Marshall,

81 Ohio St.3d 467, 470, 692 N.E.2d 198 (1998).

{¶ 10}  Appellate courts review dismissals for failure to state a claim de novo.   E.g.,

Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5.   In other

words, appellate courts afford no deference whatsoever to a trial court decision and independently

review the complaint to determine if the Civ.R. 12(B)(6) requirements have been satisfied.

{¶ 11}  "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with

the applicable statute of limitations when the complaint on its face conclusively indicates that the

action is time-barred."   Ohio Bur. of Workers' Comp. v. McKinley, 130 Ohio St.3d 156,

2011-Ohio-4432, 956 N.E.2d 814, ¶13, citing Doe v. Archdiocese of Cincinnati, 109 Ohio St.3d

491, 2006-Ohio-2625, 849 N.E.2d 268, ¶11.

{¶ 12}  In the case sub judice, appellees claim that appellant's complaint, on its face,

conclusively demonstrates that her claim is time-barred.   They argue that the complaint plainly

shows that her claim constitutes a "medical claim" subject to the one-year statute of limitations and

that appellant did not file her complaint within that one year period.

{¶ 13}  Appellant does not dispute that she did not file her complaint within one year of the

date of her injury.   Rather, she disputes appellees' assertion that her complaint alleges a "medical

claim."   Thus, to determine whether the trial court properly dismissed appellant's complaint, we

must examine whether appellant's complaint plainly indicates that her claim constitutes a "medical

claim."

B

MEDICAL CLAIM

{¶ 14}  R.C. 2305.113(E)(3) defines "medical claim" as follows:

"Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.   "Medical claim" includes the following:
        (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
        (b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:
        (I) The claim results from acts or omissions in providing medical care.
        (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

(Emphasis added).

{¶ 15}  In the case at bar, neither party disputes whether appellees meet the definition of the

providers to which the statute applies.   Rather, the parties contest whether appellant's claim arose

out of her medical diagnosis, care, or treatment.

{¶ 16}  The term "'care' * * * should not be broadly interpreted."   Browning v. Burt, 66

Ohio St.3d 544, 557, 613 N.E.2d 993 (1993). Rather, it must be considered in its particular context to determine its specific legal meaning. Id. As used in R.C. 2305.113(E)(3), the term "care" means "the prevention or alleviation of a physical or mental defect or illness." Id., paragraph one of the syllabus. The terms "'medical diagnosis' and 'treatment' are terms of art having a specific and particular meaning relating to the identification and alleviation of a physical or mental illness, disease, or defect." Id. at 557.

{¶ 17} In Browning, for example, the court determined that a negligent credentialing claim does not arise out of medical diagnosis, care, or treatment. Id. The court held that a negligent credentialing claim arises "out of the hospital's failure to satisfy its independent duty to grant and continue staff privileges only to competent physicians." Id. The court concluded that the hospital's "independent duty does not directly involve diagnosis or the medical care and treatment of a patient." Id. The court further explained that although a hospital's failure to satisfy its independent duty "may ultimately lead to an act of medical malpractice by the incompetent physician, the physician's ultimate act of medical malpractice is factually and legally severable and distinct from the hospital's acts or omissions in negligently credentialing him or her with staff membership or professional privileges." Id.

{¶ 18} In Rome v. Flower Mem. Hosp., 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994), the court held that the term "medical claim" includes a claim for an injury suffered as a result of a hospital employee's negligent use of hospital equipment. Id. at syllabus. Rome involved two separate actions that the court consolidated on appeal. In the first case, the patient suffered an injury when a hospital intern failed to properly secure the patient to a radiology table. The court concluded that the patient's claim that the hospital intern negligently secured her to the radiology

table arose out of the "'medical diagnosis, care, or treatment,' relating to the identification and alleviation of a physical or mental illness, disease, or defect." Id. at 16. The court determined that "the process of securing [a patient] to a radiology table is ancillary to and an inherently necessary part of the administration of the X-ray procedure which was ordered to identify and alleviate her medical complaints." Id. The court further observed that at the time of the patient's injury, the employee who assisted the patient "was required to exercise a certain amount of professional expertise in preparing the patient for X-ray." Id.

{¶ 19} In the second case, the patient suffered an injury after his wheelchair collapsed. At the time of his injury, the patient was being transported to his physician-ordered physical therapy. The Rome court concluded that the patient's transport from physical therapy "was ancillary to and an inherently necessary part of his physical therapy treatment." Id. The court additionally recognized that the employee who assisted the patient "was required to use a certain amount of professional skill in transporting the patient in the wheelchair." Id. at 16-17.

{¶ 20} The First District Court of Appeals recently considered a case that involves facts somewhat similar to those in the case at bar. Conkin v. CHS-Ohio Valley, Inc., 1st Dist. No. C-110660, 2012-Ohio-2816, appeal not allowed, 133 Ohio St.3d 1465, 2012-Ohio-2816, 977 N.E.2d 693. In Conkin, the patient suffered an injury when a hospital employee failed to properly transfer the patient to a "Hoyer lift" so that the patient could shower. The patient subsequently filed a negligence complaint against the facility and the employee. The defendants filed a Civ.R. 12(B)(6) motion that requested the court to dismiss the patient's complaint. The defendants asserted that the patient failed to file her complaint within the one-year statute applicable to "medical claims." The trial court granted the defendants' motion to dismiss the complaint, and

the patient appealed.

{¶ 21} The appellate court reversed.   The court determined that the patient's claims did

not constitute "medical claims."   Id. at ¶11.   In reaching its decision, the court examined four

factors: (1) whether the equipment "was used for 'the prevention or alleviation of a physical or

mental defect or illness;'" (2) "whether the equipment was 'an inherently necessary part of a

medical procedure;'" (3) whether "use of the equipment 'arose out of' a physician ordered

treatment;" and (4) whether "use of the equipment required a 'certain amount' of professional

expertise or professional skill."   Id. at ¶9, quoting Browning, 66 Ohio St.3d at 557, and Rome, 70

Ohio St.3d at 16-17.

{¶ 22} After considering the above factors, the court determined that the patient's claims

did not constitute "medical claims."   Id. at ¶11.   The court explained:

> "Even if the Hoyer lift was used for the alleviation of problems associated
> with [the patient]'s range of motion, there is no indication at this point in the
> proceedings that the use of the Hoyer lift was an inherent part of a medical
> procedure or that it arose out of physician ordered treatment.   And it is also unclear
> whether a 'certain amount' of professional expertise or professional skill may have
> been required to transfer [the patient] into the lift."

Id.

{¶ 23} In the case sub judice, we agree with appellant that her injury did not arise out of

medical diagnosis, care, or treatment.   Unlike Burt and Rome, appellant's injury did not occur at a

time when she was being transported to or from a medical procedure.   It also did not occur due to

an employee's alleged negligent use of hospital equipment.   Instead, according to the complaint,

appellant's injury occurred as she washed her hands after a bathroom visit.   Escorting appellant

from the bathroom to the sink to wash her hands did not involve "the prevention or alleviation of a

physical or mental defect or illness." Browning, paragraph one of the syllabus. It also did not relate to the "identification and alleviation of a physical or mental illness, disease, or defect." Id. at 557.

{¶ 24} We believe that the instant case is similar to Conkin and prior cases in which a patient suffered an injury due to a force separate from the patient's medical care, diagnosis, or treatment. The transportation of both appellant and the Conkin patient to the bathroom was not an inherent part of a medical procedure, and it did not arise from a physician-ordered treatment. Neither appellant's nor the Conkin patient's injury occurred during the course of receiving medical diagnosis, care, or treatment. Instead, appellant, like the Conkin patient, was in the process of being transported to the bathroom to engage in an everyday, routine function (showering, using the bathroom) when the injury occurred. Accord Hill v. Wadsworth–Rittman Area Hosp., 185 Ohio App.3d 788, 2009–Ohio–5421, 925 N.E.2d 1012 (9th Dist.) (holding that patient's injury suffered when exiting wheelchair during hospital discharge did not result from medical diagnosis, care, or treatment); Balascoe v. St. Elizabeth Hosp. Med. Ctr., 110 Ohio App.3d 83, 673 N.E.2d 651 (7th Dist. 1996) (determining that patient's injury suffered when she slipped and fell on a piece of plastic while using the bathroom did not arise out of medical diagnosis, care, or treatment); Summers v. Midwest Allergy Associates, 10th Dist. No. 02AP–280, 2002–Ohio–7357 (concluding that patient's injury suffered when cabinet fell on her head did not arise out of medical diagnosis, care, or treatment).[3]

---

[3] It may strike some as incongruous that a patient who suffers an injury from the Hoyer lift, as the Conkin patient did, but suffers the injury while being transported to a medical procedure cannot recover, but the patient can recover if the transport is to the bathroom. Following the Rome logic, courts have allowed recovery for a hospital employee's negligent use of hospital equipment if the equipment was not being used to transport the patient to a medical procedure, but it may not be had

{¶ 25} Moreover, the process of helping appellant to the bathroom and to the sink to wash her hands was not "ancillary to and an inherently necessary part of" the alleviation of her physical condition. Appellant's injury arose because she had to use the bathroom, not because she was in the process of receiving medical diagnosis, care, or treatment. At the time of appellant's injury, she was not undergoing a treatment or procedure to alleviate her physical condition. Her injury did not arise because the aides failed to follow the physician's orders that appellant not leave her bed without assistance. She already had left her bed and had used the bathroom by the time her injury occurred. The complaint alleges that her injury occurred around the time that she was washing her hands at the sink. Hand washing is a wholly separate process from any medical diagnosis, care, or treatment that she had received at the facility. Appellant was not washing her hands in preparation for medical diagnosis, care, or treatment. Thus, we cannot state that appellant's bathroom use and hand washing was an ancillary and inherently necessary part of her rehabilitative care. Rather, using the bathroom and washing hands was tangential, at best, to her rehabilitative care.

{¶ 26} Moreover, even if the physician's order that appellant not leave her bed unassisted was arguably an "ancillary and inherently necessary part" of the rehabilitative care that she received, appellant's injury did not occur as a result of leaving her bed unassisted or with negligent

---

if that same equipment, in the same manner, is being used to transport the patient to a medical procedure. Compare Hill v. Wadsworth, supra, with Grubb v. Columbus Community Hosp., 117 Ohio App.3d 670, 674, 691 N.E.2d 333 (holding that patient who suffered injury after hospital employee requested the he get off a gurney and walk down stairs could not recover because he was being transported to a medical procedure). Certainly, a line exists between a medical claim and a general negligence claim that happens to occur at a medical facility. The line as presently drawn, however, does not appear entirely logical. Why is it reasonable to deny recovery to the patient who suffers a wheelchair injury due to employee negligence while being transported to a medical procedure or treatment, but the same patient may recover if the injury occurs while being discharged or transported to the bathroom? Perhaps the Ohio Supreme Court will clarify the seeming incongruity.

assistance.   Instead, according to the complaint, her injury occurred after she had left her bed with assistance and after she had successfully navigated, with assistance, to the bathroom and to the sink.

{¶ 27} Thus, we reject appellees' argument that appellant's injury arose out of the aides' failure to follow the physician's order that appellant not leave her bed without assistance. Consequently, appellant's injury did not arise out of medical diagnosis, care, or treatment and appellant's complaint is not subject to the one-year statute of limitations applicable to "medical claims."

{¶ 28} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's sole assignment of error, reverse the trial court's judgment, and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

## JUDGMENT ENTRY

It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellees the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.