[Cite as *Haskins v. 7112 Columbian, Inc.*, 2014-Ohio-4154.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID HASKINS, Co-Administrator of the Estate of Minnie Haskins | ) | CASE NO. 13 MA 100 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| 7112 COLUMBIA, INC., dba VALLEY RENAISSANCE HEALTH CARE CENTER | ) | |
| | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 12 CV 2834

JUDGMENT:                      Reversed and Remanded.

APPEARANCES:

For Plaintiff-Appellant:       Atty. Andrew L. Johnson, Jr.
                               1205 West 110th Street, Suite 131
                               Cleveland, Ohio  44102

For Defendant-Appellee:        Atty. Ernest W. Auciello
                               Atty. Susan M. Audey
                               Atty. John A. Favret, III
                               Tucker Ellis LLP
                               950 Main Ave., Suite 1100
                               Cleveland, Ohio  44113-7213

JUDGES:
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                               Dated:  September 15, 2014

WAITE, J.

{¶1} The Mahoning County Court of Common Pleas dismissed a claim brought against Appellee Valley Renaissance Health Care Center ("Valley Renaissance") due to the expiration of the one-year statute of limitations for medical claims. Appellant David Haskins, co-administrator of the estate of his late mother, Minnie Haskins, brought the suit on the belief that employees of Valley Renaissance broke his mother's leg while moving her in the course of changing her bed linens. Valley Renaissance filed a Civ.R. 12(C) motion for judgment on the pleadings on the grounds that the claim was a medical claim under R.C. 2305.113(A), and that the one-year statute of limitations for medical claims had expired. The court granted the motion. On appeal, Appellant contends that negligence arising from the changing of bed linens in a nursing home is an ordinary negligence claim and not a medical claim subject to R.C. 2305.113(A). The complaint does not allege that changing bed linens had anything to do with a medical test or procedure, or that the two employees exercised any degree of professional expertise or medical skill. As the pleadings raise an ordinary negligence claim, the judgment of the trial court is reversed.

## Case History

{¶2} Since this case was dismissed at the pleadings stage, the facts are taken from the pleadings. The complaint was filed on September 10, 2012. Appellant is the co-administrator of the estate of Minnie Haskins, his mother. The only defendant in the case is Valley Renaissance Health Care Center, a nursing home. The complaint alleges that Minnie was admitted to Valley Renaissance as a long term patient on January 15, 2010. During her stay there, she became bedfast,

was unable to walk independently, and required constant daily care and monitoring. Minnie weighed 300 to 400 pounds. On or about July 29, 2011, two employees of Valley Renaissance entered Minnie's room to change the sheets on the bed. Minnie was lying on the bed in prone position. One of the sheets was lodged under Minnie's body, and in attempting to move Minnie and extract the sheet, Minnie's left leg was broken. Minnie was taken to the hospital, which revealed that she suffered a fracture of her left femur bone. She was later taken back to Valley Renaissance, and she died there on March 6, 2012.

{¶3} Valley Renaissance filed its answer on November 16, 2012, alleging 24 defenses, one of which was that the one-year statute of limitations for medical claims had expired.

{¶4} On March 25, 2013, Valley Renaissance filed a Civ.R. 12(C) motion for judgment on the pleadings on the grounds that the statute of limitations had expired. Appellant filed a responsive brief on April 1, 2013, and later filed an affidavit in support of its brief. On June 5, 2013, the court granted the motion to dismiss. This timely appeal followed.

## ASSIGNMENT OF ERROR

The trial court erred by granting appellee's Motion For Judgment On The Pleadings pursuant to Rule 12(C) of the Ohio Rules of Civil Procedure.

{¶5} Appellant argues that the complaint describes a simple negligence claim which has a two-year statute of limitations, and that it should not have been

dismissed due to the expiration of the one-year statute of limitations for medical claims. Appellant contends that a medical claim, as defined by the one-year statute of limitations described in R.C. 2305.113, must relate to the medical care of a person. According to Appellant, the claim in this case arose out of Valley Renaissance's care of Minnie, but not out of her medical care. Appellant argues that not all negligence that occurs in a nursing home or hospital is medical negligence arising out of medical care. Appellant contends that changing bed sheets is not a medical procedure, but rather, was a routine chore that did not require any particular professional skill. Appellant concludes that the two-year statute of limitations for ordinary negligence applies. Appellant is correct. Although Appellee may ultimately be able to prove that care provided for Minnie was medical care, the pleadings allege only ordinary negligence and do not necessarily describe an injury arising from a medical claim.

**{¶6}** Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In applying the Civ.R. 12(C) standard, judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true." (Internal citation omitted.) *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592-593, 635 N.E.2d 26 (1994). In resolving a Civ.R. 12(C) motion, both

the complaint and answer are considered. *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403, 594 N.E.2d 60 (10th Dist.1991).

{¶7} A court should only grant a motion for judgment on the pleadings if no material factual issues exist and the moving party is entitled to judgment as a matter of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). An appellate court reviews the entry of judgment on the pleadings *de novo*. *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746, ¶19 (7th Dist.). Appellate review is based solely on the allegations in the pleadings. *State ex rel. Pirman*, *supra*, at 593.

{¶8} A judgment on the pleadings may be proper when the statute of limitations has run. *McGlothin v. Schad*, 194 Ohio App.3d 669, 2011-Ohio-3011 (12th Dist.). In determining the proper statute of limitations for a cause of action, the court must review the complaint to determine the essential character of the claim: "[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Love v. Port Clinton*, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988); *see also*, *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 629 N.E.2d 402 (1994). The statute of limitations for ordinary negligence is two years. R.C. 2305.10(A).

{¶9} According to Appellee, the pleadings clearly indicate that R.C. 2305.113(A), with its one-year limit for filing medical claims, applies in this case.

R.C. 2305.113(A) states: "(A) Except as otherwise provided in this section, an action upon a *medical*, dental, optometric, or chiropractic *claim* shall be commenced within one year after the cause of action accrued." (Emphasis added.)

{¶10} "Medical claim" is defined in R.C. 2305.113(E)(3):

(3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, *home*, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, * * * and that *arises out of the medical diagnosis, care, or treatment of any person*. "Medical claim" includes the following:

(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:

(i) The claim results from acts or omissions in providing medical care.

(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment. (Emphasis added.)

{¶11} Under R.C. 2305.113(E)(14), the word "home" includes a nursing home. There is no dispute that Valley Renaissance is a nursing home, and thus qualifies as a "home" under R.C. 2305.113(E)(3).

{¶12} The parties agree that the operative phrase from R.C. 2305.113(E)(3) under review is "medical care," and that the one-year statute of limitations only applies if Valley Renaissance was providing medical care as defined by the statute. Appellee seems to be under the impression that all care provided in a home is "medical care." There are two leading cases that interpret the phrase "medical care" in reference to R.C. 2305.113: *Browning v. Burt*, 66 Ohio St.3d 544, 613 N.E.2d 993 (1993), and *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994). In *Browning*, the Ohio Supreme Court held that "care," as used in a prior but similar version of R.C. 2305.113(E)(3), refers to "the prevention or alleviation of a physical or mental defect or illness." *Browning* at 557, 613 N.E.2d 993. *Browning* held that the term "care" should not be interpreted any more broadly than the context of R.C. 2305.113 allows. *Id.* The complaint in *Browning* was for negligent credentialing of physicians, and the court held that this type of claim does not directly involve medical care and is not subject to the one-year statute of limitations for medical claims. *Id.*

{¶13} In *Rome*, the Ohio Supreme Court considered two cases in which the injuries arose from the use of an x-ray table in the first case and a wheelchair in the second. In the first case, the plaintiff was injured when she was incorrectly secured to an x-ray table by a hospital intern. The intern failed to place a footboard on the table. When the table was tilted at a 45-degree angle, the patient fell off. The court found that the x-ray was ordered to determine and alleviate a medical condition. *Id.* at 16. The court noted that there was a certain amount of professional expertise that was needed to prepare a patient for x-rays. *Id.* The court determined that the act of

securing a patient on a table for an x-ray constituted "medical diagnosis, care, or treatment" because it was "ancillary to and an inherently necessary part of the administration of the x-ray procedure * * *." *Id.* at 16.

**{¶14}** In the second case, the plaintiff was seated in a wheelchair while he was being taken to physician-ordered physical therapy, and the wheelchair collapsed, causing him injuries. The court noted that the patient was being transported to physical therapy that was ordered by a doctor when the injury occurred. The court also noted that the hospital employee operating the wheelchair "was required to use a certain amount of professional skill in transporting the patient in the wheelchair." *Id.* at 16-17. Once again, the court determined that "the transport of [the patient] from physical therapy was ancillary to and an inherently necessary part of his physical therapy treatment." *Id.* at 16. The court held that both cases involved "medical claims" and were subject to the one-year statute of limitations.

**{¶15}** Valley Renaissance believes that *Rome* supports the trial court's conclusion that in the act of changing Minnie's sheets the home was providing medical care, but the cases are not analogous. The only significant similarity is that one involved an x-ray table, which is somewhat like a bed, and the instant case involves an actual bed. The key facts, however, differ in material ways. The complaint in this case does not indicate that the two people changing the sheets had any particular medical expertise or skill. The complaint does not indicate that Minnie was involved with or was being prepared for any particular medical procedure. Although it is possible that changing bed linens had some medical purpose, there are

also a variety of possible non-medical reasons that the sheets were changed the day Minnie was injured. The fact that Minnie weighed 300-400 pounds, was bedfast and could not walk or get out of bed on her own, might be relevant facts at that time, but they are not determinative at this stage. We must point out that *Rome* was decided on summary judgment, where the parties were able to submit actual evidence in support of their argument. The instant appeal involves a judgment on the pleadings, and all inferences from those pleadings must be read in favor of Appellant, the non-moving party. It is apparent to us that the inferences that can be drawn solely from the pleadings support Appellant's argument.

{¶16} Appellant correctly points out that not all injuries that a patient might sustain in a hospital or nursing home setting are necessarily "medical claims." *Balascoe v. St. Elizabeth Hosp. Med. Ctr.*, 110 Ohio App.3d 83, 85, 673 N.E.2d 651 (7th Dist.1996). In *Balascoe*, the patient fell after stepping on a piece of plastic on her way from the hospital bed to the bathroom. We held that falling on the way to the bathroom was not a medical claim arising directly from medical diagnosis, care or treatment, even though the patient had called for a nurse to assist her in walking to the bathroom.

{¶17} A variety of other cases support Appellant's position. For example, *Conkin v. CHS-Ohio Valley, Inc.*, 1st Dist. No. C-110660, 2012-Ohio-2816, held that injuries sustained from being negligently moved from a wheelchair to a device called a Hoyer lift were not "medical claims" because there was no indication that the use of the lift was an inherent part of a medical procedure, that the use of the lift arose out

of physician-ordered treatment, or that professional expertise or professional skill was required to transfer a patient to the lift. *Hill v. Wadsworth-Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, 925 N.E.2d 1012 (9th Dist.), held that the "medical claim" statute of limitations did not apply to a plaintiff who was injured while getting out of a wheelchair as she was being discharged from a hospital because she was not injured in the course of a test or treatment, and because the act of being escorted in a wheelchair by hospital staff was not inherently necessary for any medical test or treatment.

**{¶18}** Similar to *Balascoe*, *Conkin*, and *Hill*, there is no indication from record in this case that changing Minnie's sheets was part of some type of medical test or procedure, was ordered by a doctor, or that it required any medical expertise or professional skill. Since the pleadings alone determine the outcome of a Civ.R. 12(C) motion, the motion should have been overruled. While Valley Renaissance may be able to prove through the use of evidence at some later stage of the proceedings that R.C. 2305.113 applies, it was not appropriate to dismiss the complaint at the pleading stage.

### Conclusion

**{¶19}** Since the pleadings indicate that Appellant is asserting a general negligence claim rather than a medical claim as defined by R.C. 2305.113, the Civ.R. 12(C) motion for judgment on the pleadings should not have been granted. The pleadings do not indicate that any applicable statute of limitations has expired.

Appellant's assignment of error has merit, and the judgment of the trial court is reversed and the case is remanded for further proceedings.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.