[Cite as *Morrison v. Morrison*, 2018-Ohio-2282.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BRANDY MORRISON

    Appellant

    v.

CHAD MORRISON, SR.

    Appellee

C.A. No.    28514

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011-11-3413

DECISION AND JOURNAL ENTRY

Dated: June 13, 2018

TEODOSIO, Judge.

{¶1} Brandy M. Morrison appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, entered on January 6, 2017. We affirm in part, and reverse and remand in part.

I.

{¶2} In November 2011, Brandy M. Morrison filed a complaint for divorce against Chad J. Morrison, Sr., and on March 19, 2013, a magistrate's decision was issued and a decree of divorce was entered by the trial court. Ms. Morrison filed objections, which were overruled by the trial court in October 2013, and subsequently appealed to this Court. On May 28, 2014, we issued a decision affirming in part and reversing in part, and remanded to the trial court for further proceedings.

{¶3} In June 2014, Ms. Morrison filed several post-decree motions, including a motion for modification of spousal support, which came before the magistrate for hearing. On

September 17, 2014, the magistrate issued a decision which was adopted by the trial court, and Mr. Morrison subsequently filed an objection, arguing that the decision was entered in error because a hearing on remand from this Court had yet to take place.

{¶4} On October 9, 2014, the hearing on remand was held before the magistrate, and a decision was issued and adopted by the trial court on December 26, 2014. In January 2015, Ms. Morrison filed her objections to the magistrate's decision, and two years later, on January 6, 2017, the trial court overruled Ms. Morrison's objections.

{¶5} Ms. Morrison now appeals, raising four assignments of error, and Mr. Morrison has filed a cross-appeal, raising one assignment of error. These assignments of error have been reordered for the purposes of our review.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRE[T]ION BY NOT RULING ON APPELLANT[']S ORAL MOTION FOR A CONTINUANCE AT TRIAL.

{¶6} In her first assignment of error, Ms. Morrison argues the trial court abused its discretion in overruling her objection to the magistrate's failure to rule on her motion for a continuance at the beginning of trial. We disagree.

{¶7} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its

own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} This Court's decision of May 28, 2014, reversed in part and remanded the order of the trial court, stating: "Pursuant to R.C. 3109.04(C), the trial court was required to determine whether it was in the best interest of the children to name Husband the residential parent and to make specific written findings of fact to support its determination." On October 9, 2014, a hearing was held before the magistrate, who stated at the commencement of the hearing:

> The matter has been on remand from the Court of Appeals, 9th District[,] for whether it was the best interest of the children to name husband the residential parent under 3109(F); whether either party has previously been convicted or plead guilty to any criminal offense involving the act that resulted in a child being neglected; * * * [whether] either party has been convicted of or [plead] guilty to a violation of [R.C.]2919.25 pursuant to [R.C.] 3109.04; [and] the issue of the wife's income * * *. That's what we're here for.

Ms. Morrison proceeded to ask for a continuance of the hearing "on the grounds that [the court had] not presented the finding in facts [sic] pertaining to custody determination in the final Divorce Decree regarding [R.C.] 3109.04(C) as the District Court of Appeals remanded these findings be made." The magistrate responded that the issues before the court were whether it was in the best interests of the children for Mr. Morrison to be named the residential parent and whether either parent had been convicted of or plead guilty to a criminal offense. The magistrate then went forward with the hearing without expressly ruling on Ms. Morrison's motion to continue.

{¶9} The magistrate stated at the outset that the hearing was in response to this Court's directive remanding the case for the trial court to make findings pursuant to R.C. 3109.04. Correspondingly, findings of fact from the October 9, 2014, hearing were set forth in the magistrate's decision entered on December 26, 2014. Ms. Morrison fails to show how going

forward with the hearing prior to the trial court making findings of fact prejudiced her. *See* Civ.R.61. We conclude the trial court was not unreasonable, arbitrary, or unconscionable and did not abuse its discretion.

{¶10} Ms. Morrison's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION[] BY RETROACTIVELY MODIF[Y]ING APPELLANT'S PARENTAL RIGHTS AND OBLIGATIONS.

{¶11} In her second assignment of error, Ms. Morrison argues the trial court abused its discretion by retroactively modifying her parental rights and obligations when it adopted the magistrate's decision on January 9, 2017. We agree.

{¶12} In our decision of May 28, 2014, this Court concluded "it was error for the trial court to retroactively modify the parties' child support obligations to December 5, 2012." The December 2014 magistrate's decision, which was adopted by the trial court on January 6, 2017, did not correct this error. Mr. Morrison is in agreement that the trial court erred.

{¶13} We conclude it was error for the trial court to retroactively modify the child support obligations to December 5, 2012. Ms. Morrison's second assignment of error is sustained.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED AND ABUSED ITS DI[S]CRETION BY NOT INCLUD[ING] A CHILD SUPPORT WORKSHEET OR A SPOUSAL SUPPORT WORKSHEET.

{¶14} In her fourth assignment of error, Ms. Morrison argues the trial court erred in adopting the magistrate's decision of December 26, 2014, because it did not include a child support worksheet or a spousal support worksheet. We disagree.

{¶15} On the appeal from an order for child support, a reviewing court reviews the order of the trial court for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶16} R.C. 3119.022 provides:

> When a court or child support enforcement agency calculates the amount of child support to be paid pursuant to a child support order in a proceeding in which one parent is the residential parent and legal custodian of all of the children who are the subject of the child support order or in which the court issues a shared parenting order, the court or agency shall use a worksheet identical in content and form to the following * * *.

"When it first awards child support, the court must calculate the amount in accordance with the statutory schedule and the applicable worksheet * * *." *Irish v. Irish*, 9th Dist. Lorain No. 10CA009810, 2011-Ohio-3111, ¶ 14.

{¶17} "R.C. 3119.022 governs the procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material aspects * * *." *Irish* at ¶ 14. *See also Albright v. Albright*, 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, ¶ 7; *Coward v. Coward*, 5th Dist. Licking No. 15-CA-46, 2016-Ohio-670, ¶ 17. "Completion of a worksheet, identical in content and form to that in R.C. 3119.022, is mandatory * * *." *Rotte v. Rotte*, 12th Dist. Butler No. CA2004-10-249, 2005-Ohio-6269, ¶ 21.

{¶18} On March 19, 2013, a magistrate's decision and a corresponding child support computation worksheet were filed. That same day, the trial court entered a judgment adopting the magistrate's decision, and child support was determined as follows:

18. Effective December 5, 2012, Husband's child support shall terminate. Any child support overage shall be credited to either child support arrearage or Husband's spousal support. Any child support arrearage shall not merge with this Order.

19. Effective December 5, 2012, Wife shall pay to Husband child support of $363.67 per month for three minor children, plus a 2% processing charge, for a total of $370.94 per month. Chief Magistrate Allen G. Carter, Sr. prepared the attached child support worksheet showing the calculation incorporated herein and made a part hereof.

20. If private health insurance becomes unavailable, then Wife shall pay child support of $363.67 per month for three children, plus a 2% processing charge, and cash medical support of $114.00 per month plus processing charge for a total of $116.28 per month.

On December 26, 2014, a magistrate's decision was entered in response to the remand from this Court. That decision contains language identical to the language from the March 2013 decision quoted above. Although the December 2014 decision references the child support worksheet prepared by the magistrate, the record does not indicate that the worksheet was attached to the decision. Also on December 24, 2014, the trial court adopted the magistrate's decision, including a verbatim reiteration of the language from the March 2013 decision.

{¶19} The trial court's order of December 2014 made no modifications to the child support terms originally set forth in the court's March 2013 judgment. Even if Ms. Morrison is correct that the trial court should have attached the child support worksheet to its 2014 order, she has not demonstrated that she was prejudiced by that error. "Under Rule 61 of the Ohio Rules of Civil Procedure, harmless errors are to be disregarded." *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 5.

{¶20} The fourth assignment of error also states that the trial court erred by not including a spousal support worksheet, however Ms. Morrison provides no support for this theory in her brief. "It is not this Court's duty to create an appellant's argument for [her]."

*Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8. This Court declines to chart its own course when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7.

{¶21} Ms. Morrison's fourth assignment of error is overruled.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY OVERRULING CROSS-APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECISION OF SEPTEMBER 17, 2014[,] WITHOUT UNDERTAKING ANY INDEPENDENT REIVEW.

{¶22} In his lone assignment of error, Mr. Morrison argues the trial court abused its discretion by failing to undertake an independent review in ruling on his objection to the magistrate's decision entered on September 17, 2014. We agree.

{¶23} "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶24} Civ.R. 53(D)(4)(d) provides: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the

magistrate appropriately applied the law to those factual determinations." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14.

{¶25} "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). "Appellate courts thus presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *." *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 27. "Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 53. "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 21.

{¶26} "[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent review of the objected matters as required by Civ.R. 53(D)(4)(d)." *In re G.C.*, 12th Dist. Butler Nos. CA2016-12-237, CA2016-12-238, CA2016-12-239, & CA2016-12-240, 2017-Ohio-4226, ¶ 18. "While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so." *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17. Likewise, we cannot conclude that the trial court did not conduct an independent review simply because it did not discuss every conceivable characterization of the evidence. *See Brandon v. Brandon*, 3d Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 35.

**{¶27}** In July 2014, a hearing was conducted before the magistrate upon motions filed by Ms. Morrison, and on September 17, 2014, a magistrate's decision was issued and adopted by the trial court. Among other terms, the trial court's judgment entry set spousal support to be paid to Ms. Morrison in the amount of $1,250.00 per month, plus a 2% processing fee. On October 1, 2014, Mr. Morrison filed his objection to the September 2014 magistrate's decision. In December 2014 and January 2015, entries by the trial court noted that Mr. Morrison's objection remained pending. Mr. Morrison filed a supplemental objection to the magistrate's decision in March 2015.

**{¶28}** On January 6, 2017, the trial court entered an order, captioned: "JOURNAL ENTRY Ruling on Objections to the Decree issued on December 26, 2014." In its entirety, the entry provides:

> The court denies the objections filed on January 9, 2015. The court has reviewed the ruling remanding the matter back to the court for further findings, the transcript, the evidence, the testimony and all the supplemental briefs filed and the entire record, and concludes that the record supports the magistrate's decision. All pending motions and orders are merged and dismissed into this ruling.
> Therefore, the decree filed on December 26, 2014[,] is the final order of the court as attached in the court's exhibit "A".
> IT IS SO ORDERED.

The entry makes no reference to the magistrate's decision dated September 17, 2014, nor does it make reference to Mr. Morrison's pending objections to that decision. Likewise, the order attached as exhibit "A" does not reference or incorporate the September 2014 magistrate's decision.

**{¶29}** Although there is a presumption that a trial court has conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d), we conclude there is nothing in the trial court's journal entry dated January 6, 2017, that indicated an independent review or analysis was conducted with regard to the September 2014 magistrate's

decision and Mr. Morrison's corresponding objections. The entry clearly stated it ruled upon objections to the decree issued on December 26, 2014, and specifically denied the objections filed on January 9, 2015. It then referenced and attached the December 2014 decree.

{¶30} The issue before us does not merely implicate the presumption that a trial court conducted an independent analysis in reviewing a magistrate's decision; rather, this Court cannot conclude that *any* review or consideration was given to the September 2014 magistrate's decision and Mr. Morrison's objections thereto. Specifically, no ruling either sustaining or overruling the objections is given. Although the trial court states "[a]ll pending motions and orders are merged and dismissed into this ruling[,]" we cannot presume this statement constitutes a ruling on objections. Likewise, we are unable to determine whether this language constitutes an intent to vacate the September 2014 magistrate's decision, or conversely, an intent to incorporate the decision into the final order. Given the ambiguous nature of the language, we are unable to conclude the trial court conducted an independent review.

{¶31} Mr. Morrison's assignment of error is sustained.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING APP[E]LLANT[']S PARENTAL RIGHTS AND RESPONSIB[IL]IT[IES] WITHOUT ANY PRIOR MOTIONS TO MODIFY.

{¶32} In her third assignment of error, Ms. Morrison argues the trial court erred by modifying her parental rights and responsibilities without a prior motion to modify. Ms. Morrison contends that the trial court's adoption of the December 2014 magistrate's decision was a modification of the terms set forth in the magistrate's decision issued on September 17, 2014.

**{¶33}** We do not reach the merits of this assignment of error because our resolution of Mr. Morrison's assignment of error necessitates further consideration by the trial court. We therefore decline to address Ms. Morrison's third assignment of error as it is not ripe for our consideration.

III.

**{¶34}** Ms. Morrison's first and fourth assignments of error are overruled. Ms. Morrison's second assignment of error is sustained. We therefore decline to address Ms. Morrison's third assignment of error as it is not ripe for our consideration. Mr. Morrison's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRANDY MORRISON, pro se, Appellant.

JOSEPH A. KACYON and RACHEL L. SMICK, Attorneys at Law, for Appellee.