[Cite as *Weber v. Devanney*, 2018-Ohio-4012.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

NELSON WEBER

     Appellee

     v.

KATHARINA DEVANNEY

     Appellant

C.A. No.      28876
                28938

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2010-05-1534

DECISION AND JOURNAL ENTRY

Dated: October 3, 2018

CARR, Judge.

{¶1} Defendant-Appellant Katharina Devanney ("Wife") appeals from the judgments of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm in part, reverse in part, and remand the matter for proceedings consistent with this decision.

I.

{¶2} Wife and Plaintiff-Appellee Nelson Weber ("Husband") were married May 3, 2003. One daughter was born of the marriage on December 28, 2009.

{¶3} In 2008, Husband relocated to Maryland for work. It was planned that Wife would ultimately join him in Maryland; however, that did not occur. Nonetheless, Husband regularly returned to Ohio.

{¶4} On May 25, 2010, Husband filed a complaint for divorce. In the complaint, Husband alleged that he had been a resident of Ohio for at least 6 months immediately preceding the filing of the complaint and a resident of Summit County for at least 90 days. Wife answered

and filed a counterclaim seeking a divorce. In her answer, Wife admitted the allegations concerning Husband's residency, and, in her counterclaim, she alleged that she was a resident of Ohio for at least 6 months and of Summit County for at least 90 days prior to the filing of her counterclaim. During the course of the proceedings, Husband moved back to Ohio.

{¶5} The matter proceeded to a final hearing before a magistrate. That hearing was continued over several days. It began March 29, 2012, and ended June 25, 2014. Thereafter, a magistrate's decision was issued, which the trial court adopted the same day. Both parties subsequently filed objections to the decision. After the transcript was filed, both parties filed supplemental briefs in support of their objections.

{¶6} In 2017, the trial court opted to rehear parenting issues due to the passage of time. Towards the end of the hearing, the parties agreed to a shared parenting plan. On October 30, 2017, the trial court issued an entry ruling on the objections. That same day, the trial court also issued a decree of divorce that incorporated a shared parenting plan. Thereafter, Wife appealed the final judgment.

{¶7} In December 2017, the trial court ordered that the Summit County Child Support Enforcement Agency should reduce Husband's overpayment of child support by $4,483.32. The entry indicated that that sum represented the amount Husband owed Wife from his Firestone Credit Union account. In addition, the order provided that Husband's obligation, in that regard, was satisfied, but Wife remained obligated to Husband for the overpayment of child support. Wife also appealed from that entry.

{¶8} This Court ultimately consolidated the appeals. Wife has presented nine assignments of error for our review, all of which relate to the judgment entered October 30, 2017.

II.

## ASSIGNMENT OF ERROR I

THE SUMMIT COUNTY COURT AND OHIO COURTS DO NOT HAVE JURISDICTION IN THIS MATTER. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT IT HAD JURISDICTION OVER THE PLAINTIFF, NELSON WEBER IN THE DIVORCE PROCEEDINGS AT HAND.

{¶9}     Wife argues in her first assignment of error that the trial court erred in concluding that it had jurisdiction because Husband was not a resident of Ohio six months before he filed the complaint.[1]  Instead, she maintains that Husband's 2010 tax return supports that Husband was a resident of Maryland.  Wife asserts that the trial court should have dismissed Husband's complaint and that this Court must do so.

{¶10}  Wife first raised this issue in her objections to the magistrate's decision.  She reiterated her claim in her supplemental brief.  Her argument below was very limited.  Wife argued that Husband was residing in Maryland at the time the divorce was filed and was therefore not an Ohio resident.  However, she did not point to any specific evidence to support her claim, nor did she request a hearing on the issue.  On appeal, Wife points to Husband's 2010 tax returns which list a Maryland address as his home address and include a Maryland resident income tax return which does not indicate that he was only a Maryland resident for part of the year.  Wife also points to Husband's 2009 tax return.  However, that document was not a part of the record below, and a motion to supplement the record with that item was denied.

---

[1] While Wife also argues that Husband was not a resident of Summit County for the requisite amount of time, Wife has not explained how Husband's county of residence relates to jurisdiction. *See* R.C. 3105.03; Civ.R. 3(C)(9) (stating that, "[i]n actions for divorce, annulment, or legal separation, [proper *venue* lies] in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint") (Emphasis added.); Civ.R. 3(H) ("The provisions of this rule relate to venue and are not jurisdictional.").

{¶11} "[S]ubject matter jurisdiction cannot be waived and may be raised at any time[.]" *Falah v. Falah*, 9th Dist. Medina No. 15CA0039-M, 2017-Ohio-1087, ¶ 15. Generally, issues related to subject matter jurisdiction are reviewed de novo. *Id.* at ¶ 8.

{¶12} "R.C. 3105.03 creates a strict test of residency * * *." *Id.* at ¶ 9, quoting *Barth v. Barth*, 113 Ohio St.3d 27, 2007-Ohio-973, paragraph one of the syllabus. "Under R.C. 3105.03, a trial court has subject matter jurisdiction to hear a divorce action if the plaintiff has been an Ohio resident for at least six months immediately before the complaint was filed, no matter where the marriage took place or the cause of the divorce occurred." (Internal quotations and citations omitted.) *Falah* at ¶ 9; *see also* R.C. 3105.03. "The word resident [as used in R.C. 3105.03] * * * means one who possesses a domiciliary residence, a residence accompanied by an intention to make the state of Ohio a permanent home. A person can have but one domicile at any given time." (Emphasis omitted.) (Internal quotations and citations omitted.) *Falah* at ¶ 9.

{¶13} "Although adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, they may stipulate the truth of facts that are sufficient to confer jurisdiction." *Beatrice Foods Co. v. Porterfield*, 30 Ohio St.2d 50 (1972), paragraph two of the syllabus; *see also In re Palmer*, 12 Ohio St.3d 194, 196 (1984) ("Stipulation to the truth of facts necessary to insure jurisdiction * * * may suffice to confer jurisdiction through estoppel."). "A stipulation in law is nothing more than agreement as to the veracity of a fact in issue. Black's Law Dictionary 1550 (9th Ed.2009) defines 'stipulation' as a 'voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding.'" *State v. Tate*, 138 Ohio St.3d 139, 2014-Ohio-44, ¶ 19. Thus, "parties * * * may agree that certain facts exist, without other proof of their existence * * * and suffer judgment

without an investigation of the facts.'" *Id.*, quoting *Gittings v. Baker*, 2 Ohio St. 21, 23-24 (1853). A stipulation "is, in truth, a substitute for evidence, in that it does away with the need for evidence." *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, ¶ 40. Courts are generally bound by stipulations of fact. *See Hill v. Wadsworth-Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, ¶ 12 (9th Dist.), citing *State ex rel. Leis v. Bd. of Elections of Hamilton Cty.*, 28 Ohio St.2d 7, 8 (1971).

{¶14} In the instant matter, as noted above, Husband alleged in his complaint that he had been a resident of the State of Ohio for at least six months immediately preceding the filing of the complaint and a resident of Summit County for at least ninety days. In her answer, Wife admitted that allegation. At the beginning of the hearing, the magistrate asked whether the parties had "resided in the state of Ohio for six months and 90 days in the County immediately preceding the complaint[.]" The following exchange took place:

> [Wife's counsel]: We'll stipulate.
>
> [Wife]: We can't.
>
> [Husband's counsel]: Well I mean we'd be happy to stipulate but I don't think that's quite accurate.
>
> [Wife's counsel]: Well, this is the primary residence.
>
> [Husband's counsel]: Right.
>
> [Wife's counsel]: I mean jurisdiction's never been –
>
> [Husband's counsel]: The Court has jurisdiction, their marital residence and [Wife] are here. He's currently in Maryland. So, we'll stipulate – well, I mean that's the fact. Yeah.

Following that discussion, jurisdiction was not again discussed at the hearing, although facts that could be relevant to the determination of jurisdiction were occasionally mentioned.

{¶15} Given the particular circumstances of this case, including Wife's admission to the relevant factual allegation in the complaint, and the parties' stipulation at the beginning of the hearing, we conclude that the trial court did not err in determining it had jurisdiction to decide the matter before it. *See Beatrice Foods Co.* at paragraph two of the syllabus; *Tate* at ¶ 19. We note that, at both the time of Wife's answer and the time of the hearing, in light of the evidence in the record, Wife was aware of Husband's mailing and work addresses, which were both in Maryland. Additionally, Wife has not challenged the validity or nature of the stipulation. *See* App.R. 16(A)(7).

{¶16} Wife's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

EVEN IF THE COURT DETERMINES THAT THERE WAS JURISDICTION IN THIS MATTER, THE TRIAL COURT ERRED AS A MATTER OF LAW BY USING THE INCORRECT STANDARD OF REVIEW IN DECIDING THE DIVORCE CASE AT HAND[.]

{¶17} Wife argues in her second assignment of error that the trial court erred in using the incorrect standard of review in issuing its judgment ruling on the objections.

{¶18} Civ.R. 53(D)(4)(d) provides in relevant part that, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations." *Morrison v. Morrison*, 9th Dist. Summit No. 28514, 2018-Ohio-2282, ¶ 24, quoting *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14. "The

independent review requirement of Civ.R. 53(D)(4)(d), however, does not prohibit the trial court from deferring to the magistrate's resolution of credibility because the magistrate retains a superior position, as the trier of fact, to consider the demeanor of witnesses and evaluate their credibility." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 14. Nonetheless, "[a] trial court is not allowed to defer to the magistrate in determining the weight and importance of evidence." *In re J.W.*, 9th Dist. Lorain No. 10CA009939, 2011-Ohio-3744, ¶ 26.

**{¶19}** "Appellate courts [] presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *. * * * Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis." (Internal quotations and citations omitted.) *Morrison* at ¶ 25.

**{¶20}** Wife filed several objections to the magistrate's decision and also submitted a supplemental brief after the transcript was filed. In Husband's response to Wife's supplemental briefing, Husband argued that Wife impermissibly argued additional objections in her supplemental briefing and asserted that they should be stricken. Husband also filed objections and a supplement to his objections. The trial court sustained one of the parties' objections, related to the termination date of the marriage, and overruled the remaining objections. It is unclear whether the trial court considered the merits of Wife's objections that Husband challenged as being impermissible. The trial court did not specifically discuss the merits of those objections; however, it did not order them stricken either.

**{¶21}** Here, the trial court's own language in its judgment entry affirmatively demonstrates that it failed to conduct the appropriate review required by the rule. In discussing

the objections, on multiple occasions, the trial court referred to the *appellate* standard of review in ruling on the objections and/or noted that the magistrate's action was within the magistrate's discretion or was not unreasonable. For instance, after stating that an appellate court reviews the appropriateness of a property division for an abuse of discretion, the trial court noted that "[t]he magistrate was clearly within his discretion to determine how to divide the retirement accounts, life insurance accounts and bank accounts[]" and then overruled Wife's objection. Such is not the independent review contemplated by the rule. *See, e.g., Quick v. Kwiatkowski*, 2d Dist. Montgomery No. 18620, 2001 Ohio App. LEXIS 3437, *10 (Aug. 3, 2001) ("The trial court errs when it employs an appellate standard of review in ruling on objections to the decisions of its own magistrate, because an appellate court is then prevented from conducting an appropriate review of the discretionary choice the trial court made when it adopted its magistrate's decision.").

**{¶22}** While some of the trial court's rulings on objections do not contain inappropriate language, in light of the prevalent use of the problematic language which permeates the discussion of the objections, this Court sustains Wife's second assignment of error and remands the matter for the trial court to conduct an independent review of the objections as provided for by Civ.R. 53(D)(4)(d). In so doing, the trial court should specify whether it considered the merits of Wife's supplemental objections that Husband challenged below.

**{¶23}** Wife's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

EVEN IF THE COURT DETERMINES THAT THERE WAS JURISDICTION IN THIS MATTER, THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING THE DIVORCE CASE AT HAND[.]

{¶24} Wife argues in her third assignment of error that the trial court abused its discretion.  Wife asserts that she did not have enough time to present her case in chief, that the magistrate fell asleep during Wife's testimony, and that the magistrate made other unspecified inequitable decisions.  *See* App.R. 16(A)(7).  However, it does not appear that Wife raised these specific grounds as objections to the magistrate's decision nor has Wife argued plain error on appeal.  *See Mayiras v. Sunrise Motors*, 9th Dist. Summit No. 27931, 2017-Ohio-279, ¶ 16 .  Additionally, Wife has not pointed to anywhere in the record where she objected to the issues she now raises.  *See* App.R. 16(A)(7).

{¶25}  Given all of the foregoing, Wife's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION TO INCORRECTLY AND RETROACTIVELY MODIFY CHILD SUPPORT.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE FAILED TO UTILIZE THE PARTIES' ACTUAL INCOMES WHEN CALCULATING CHILD SUPPORT FOR 2012 AND 2013.

### ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED AS MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE FAILED TO INCLUDE WIFE'S WORK-RELATED CHILD CARE EXPENSES IN THE CHILD SUPPORT CALCULATION.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE INCORRECTLY DETERMINED HUSBAND'S PREMARITAL INTEREST IN THE THORNHILL PROPERTY TO BE $30,797.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED AS A MATTER OF LAW BY UPHOLDING THE MAGISTRATE'S DECISION WHERE HE INCORRECTLY FOUND WIFE IN CONTEMPT FOR FAILING TO PAY THE MORTGAGE ON THE THORNHILL PROPERTY AND ERRED BY REQUIRING WIFE TO REIMBURSE HUSBAND FOR THE MORTGAGE PAYMENTS FROM JANUARY 2012 THROUGH DECEMBER 2013.

## ASSIGNMENT OF ERROR IX

THE TRIAL COURT COMMITTED AN ERROR BY FAILING TO AWARD ATTORNEY FEES TO WIFE.

{¶26} In light of this Court's disposition of Wife's second assignment of error, her remaining assignments of error are not properly before us at this time. We therefore decline to address them.

III.

{¶27} Wife's first and third assignments of error are overruled. Wife's second assignment of error is sustained. Wife's remaining assignments of error are not properly before the Court at this time.

Judgment affirmed in part,
reversed in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                                                _____
DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KATHARINA DEVANNEY, pro se, Appellant.

SUSAN PRITCHARD, Attorney at Law, for Appellee.